FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

JAN 1 8 2012

James N. Hatten, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

SHERYL P. FREEMAN, :
:
Plaintiff, :
:
v. : CIVIL ACTION FILE
:
: NO. _____
BILL ME LATER, INC., :
a Delaware corporation, :
: 3:12-CV-011
Defendant. :
_____:

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations proscribed thereunder, 47 C.F.R. § 64.1200, and the Georgia Fair Business Practices Act.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims as they are so related to Plaintiff's TCPA claims that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff SHERYL P. FREEMAN is a resident of this State and is authorized by law to bring this action.

5. Defendant BILL ME LATER, INC. is a corporation organized under the law of the State of Delaware. [Hereinafter said defendant is referred to as "BML"].

6. BML transacts business in this State.

7. BML's transactions in this State give rise to the Plaintiff's Cause of Action.

8. BML is in the business of servicing consumer open ended credit accounts issued by Webbank.

9. BML regularly services consumer open ended credit accounts issued by Webbank to consumers in the State of Georgia.

10. In the course of its business, BML directed telephone calls to Plaintiff's cellular telephone number in Georgia.

11. BML is subject to the jurisdiction and venue of this Court.

12. BML may be served by personal service on its registered agent in the State of Delaware, to wit: National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

13. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## STATEMENT OF FACTS COMMON TO ALL CAUSES

14. Plaintiff has received numerous telephone calls from BML attempting to collect a debt allegedly owed to Webbank and serviced by BML.

15. On June 10, 2011, Plaintiff mailed a letter via certified mail with return receipt requested to BML at is Post Office Box in Atlanta, Georgia to wit: P.O. Box 105658, Atlanta, Georgia 30348-5658. [Hereinafter said letter will be referred to as the "June 10, 2011 letter"].

16. BML received the June 10, 2011 letter on June 12, 2011.

17. In the June 10, 2011 letter, Plaintiff requested that BML send all communications to her by mail. Additionally, Plaintiff requested BML to

-3-

cease all further calls and notified them that the calls were to her cellular telephone, any prior express consent to call was revoked, and that all calls were inconvenient at any time.

18. After BML's receipt of the June 10, 2011 letter, Plaintiff received no less than 22 telephone calls from BML between June 13, 2011 and June 20, 2011.

19. The telephone calls were placed using a predictive dialer.

20. The telephone calls were placing using collection software capable of predictive dialing.

21. The telephone calls to Plaintiff's cellular telephone number were initiated using equipment that dials numbers.

22. When BML's computer software is attached to its dialing equipment, it has the capacity to store or produce telephone numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

23. BML programs telephone numbers into its system which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

24. BML's dialing system has the capacity to dial from a list of telephone numbers without further human intervention.

25. Plaintiff answered no less than 2 telephone calls from BML.

26. When Plaintiff answered telephone calls from BML, she heard "dead air" for a brief period, a "click" sound, and then a BML representative came on the line.

27. This dead air, click, then live person sequence is the result of the use of a predictive dialer.

28. BML's telephone calls to Plaintiff were placed using an automatic telephone dialing system.

29. The telephone calls were willfully initiated.

30. The telephone calls were knowingly initiated.

31. BML did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an automatic telephone dialing system.

32. The telephone calls after receipt of the June 10, 2011 letter caused the Plaintiff's telephone to ring with the intent to harass, oppress or abuse the Plaintiff.

33. Defendant's telephone calls to Plaintiff violate the TCPA.

34. Defendant's telephone calls to Plaintiff violate Georgia's Fair Business Practices Act.

35. Defendant does not maintain a place of business in this State.

36. Defendant does not keep assets in this State.

37. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

38. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

39. Defendant's violations of the TCPA include, but are not limited to, the following:

40.  Making and/or initiating a telephone call using an automatic telephone dialing system to a cellular telephone number without the prior express consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

41. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 per violation and an injunction prohibiting future conduct in violation of the TCPA.

42. In the event that this Court finds that the Defendant's violations were committed willfully or knowingly, Plaintiff requests an award of statutory damages of up to $1,500.00 per violation.

43. In the event that this Court finds that the Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

**COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT**

44. Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the following provision: "the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

45. As a result of the defendant's actions, Plaintiff is entitled to an award of statutory, actual, treble and exemplary damages, as well as an award of costs

and attorney fees and an injunction prohibiting future conduct in violation of the Fair Business Practices Act.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

    a)    That Plaintiff be awarded statutory, actual, treble and exemplary damages;

    b)    That Plaintiff be awarded the expenses of litigation including a reasonable attorney's fee;

    c)    That the Court issue an injunction against Defendant enjoining future telephone calls to Plaintiff; and

    d)    That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:    /s/ Justin T. Holcombe
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       krisskaar@aol.com
       P.O. Box 1478
       331 Washington Ave.
       Marietta, GA 30061-1478
       770 / 427-5600
       404 / 601-1855 fax

       James M. Feagle
       Georgia Bar No. 256916
       jimfeagle@aol.com
       108 East Ponce de Leon Avenue
       Suite 204
       Decatur, GA 30030
       404 / 373-1970
       404 / 601-1855 fax

       ATTORNEYS FOR PLAINTIFF